IDA AHO and Another v. CHARLES JESMORE and Another.[1]

July 5, 1907.

Nos. 15,187—(161).

**Fraudulent Settlement by Administrator—Action to Enforce Claim.**

While an administrator may in good faith settle a claim for damages on account of the death of his intestate by the wrongful act or neglect of another without the consent of the surviving spouse and next of kin of his intestate, yet a release of such claim fraudulently made by the administrator, the adverse party participating in the fraud, is not a bar to an action to enforce the claim by a succeeding administrator.

Appeal by plaintiffs from an order of the district court for St. Louis county, Dibell, J., sustaining the separate demurrer of defendant, Republic Iron & Steel Company, to the complaint. Affirmed.

*John Jenswold, Jr.,* for appellants.

*Washburn, Bailey & Mitchell,* for respondents.

START, C. J.

Appeal from an order of the district court of the county of St. Louis sustaining the separate demurrer of the defendant steel company to the complaint herein on the ground that it does not state facts sufficient to constitute a cause of action against such defendant.

The complaint alleges, in effect, that the plaintiffs are the widow and children and only heirs at law of John Aho, deceased, who was killed on July 24, 1905, while in the employ of the steel company, by its neg-

[1]Reported in 112 N. W. 538.

101 M.—29

ligence; that on September 1, 1905, the defendant Jesmore was appointed administrator of the deceased at the instance of the steel company, without notice to or knowledge of the plaintiffs; that two days after his appointment, and pursuant to an arrangement with his codefendant made before his appointment, they fraudulently made a settlement of the liability of the steel company to the estate of the deceased, for the benefit of the plaintiffs, for $300, to their damage in the sum of $5,000; and, further, that when the plaintiff Ida Aho learned of such fraudulent settlement she caused proceedings to be taken to secure Jesmore's removal as such administrator, and thereupon he resigned and she was appointed administratrix of her husband's estate.

No action can be maintained for the death of a party, caused by the wrongful act or neglect of another, except as provided by statute. R. L. 1905, § 4503. Such an action is the creature of the statute, and must be enforced as the statute provides, and not otherwise. Only the personal representatives of the deceased are authorized by the statute to maintain the action. Therefore the surviving spouse and next of kin as beneficiaries cannot do so in their own names. Nash v. Tousley, 28 Minn. 5, 8 N. W. 875; Scheffler v. Minneapolis & St. L. Ry. Co., 32 Minn. 125, 19 N. W. 656. The personal representatives may compromise and settle with the party liable therefor the claim arising under the statute for the death of a person caused by the wrongful act or neglect of another without action or the consent of the beneficiaries. Foot v. Great Northern Ry. Co., 81 Minn. 493, 84 N. W. 342, 52 L. R. A. 354, 83 Am. St. 395.

Counsel for the appellants concedes these propositions, but insists that any settlement, however fraudulent, made by the personal representative, if he is a party to the fraud, binds the estate, and, although the faithless representative may be removed and another administrator appointed in his place, yet an action cannot be commenced by his successor to enforce the claim. Therefore the beneficiaries may maintain an action against the party so originally liable for the damages they have sustained by the fraud of such party in procuring a settlement and release of the claim, namely, the amount the administrator might have recovered for their benefit if he had prosecuted the action.

This conclusion would not follow from the premises assumed, even

if they were correct; for it involves the inconsistency of an action for damages against a party for having procured by fraud a legally unassailable settlement and release of a cause of action from the only party who could have maintained the action. The premises of the argument, however, are not correct; for the administrator, in making the settlement, acted only in a representative capacity, and, if such settlement was procured by fraud of the steel company, the administrator participating therein, the settlement is voidable, because the fraud is his own personal act, and not that of the beneficiaries of his intestate's estate. Hence the beneficiaries may have him removed, and a successor appointed to prosecute the action, or may, without procuring his removal, compel him to prosecute the action for their benefit by bringing an equitable action against him and the steel company.

It follows that the alleged fraud of defendants in this case is not irremediable, and if in fact the settlement was obtained by fraud the administratrix may maintain the statutory action for the death of her intestate, and if the settlement and release of the cause of action is pleaded in bar it may be avoided by proper allegations in the reply and proof thereof. Christianson v. Chicago, St. P., M. & O. Ry. Co., 67 Minn. 94, 69 N. W. 640; Schus v. Powers-Simpson Co., 85 Minn. 447, 89 N. W. 68, 69 L. R. A. 887; Foot v. Great Northern Ry. Co., supra.

Order affirmed.