IDA AHO v. REPUBLIC IRON & STEEL COMPANY.[1]

May 22, 1908.

Nos. 15,654—(62).

**Fraudulent Settlement by Administrator—Action by Administratrix.**
    A. was killed by the alleged negligence of the defendant. J. was appointed administrator of his estate, and made an alleged fraudulent settlement with the defendant of the cause of action against it, given by the statute for the benefit of the widow and children of the deceased, and delivered to it a release thereof. Two days thereafter the probate court made an order, which has not been set aside, approving and confirming the settlement and release. The widow, for herself and children, commenced an action against J. and the defendant, which was dismissed without a trial on the merits, to recover damages claimed to have been sustained by them by reason of such' fraudulent release. The widow, as administratrix de bonis non of A.'s estate, afterwards brought this action to recover damages from the defendant for the death of her intestate, on the ground that it was caused by its negligence. *Held* that, if the release was fraudulent, neither it nor the commencement of the prior action by the widow is a bar to this action.

Action in the district court for St. Louis county by the administratrix de bonis non of the estate of John Aho, deceased, to recover $1,-

1 Reported in 116 N. W. 590.

999.99 for his death while in the employ of defendant. From an order, Dibell, J., overruling the demurrer of the defendant to plaintiff's reply, defendant appealed. Affirmed.

*Washburn, Bailey & Mitchell,* for appellant.

*Jno. Jenswold, Jr.,* for respondent.

START, C. J.

This is an appeal from the order of the district court of the county of St. Louis overruling the defendant's demurrer to the reply of the plaintiff. The complaint alleged facts tending to show that plaintiff's intestate was killed by reason of the alleged negligence of the defendant, that the plaintiff is the administratrix of the estate of the deceased, and that he left him surviving a widow and two minor children. The answer put in issue the alleged negligence of the defendant, and alleged, in effect, that Charles Jesmore was duly appointed administrator of the estate of the deceased, and as such settled with the defendant the claim against it, on account of the death of plaintiff's intestate, for $300, and executed and delivered an absolute release thereof, and that two days thereafter a report of the settlement was made to the probate court of the proper county and was approved by such court; that after such settlement was made Jesmore resigned, and plaintiff was appointed administratrix de bonis non; that the plaintiff, as an individual and as guardian of the minor children of herself and her deceased husband, brought an action against Jesmore and the defendant herein to recover damages, on the ground that Jesmore, as administrator, and the defendant, made a fraudulent and collusive settlement of the claim of liability of the defendant for the death of the deceased; and, further, that the action was never brought to trial, but was dismissed. The reply to the defendant's answer herein alleged facts which, if proven, would justify the conclusion that the settlement made by Jesmore, as administrator, and the defendant, was fraudulent. This prior action referred to in the defendant's answer was never tried upon the merits, but was dismissed (see Aho v. Jesmore, 101 Minn. 449, 112 N. W. 538, 10 L. R. A. [N. S.] 998), and this action commenced by the administratrix de bonis non.

Two reasons are here urged by the defendant in support of its demurrer. They are:

"First. In the former suit, brought against Jesmore and the defendant in this action, the beneficiaries of the estate of Aho, deceased, elected to ratify the release and settlement made by Jesmore, as administrator of the estate, and to pursue Jesmore for the difference in value between the amount received by him and what he should or would have received if he had acted for the best interests of the estate.

"Second. That the judgment and decree of the probate court, authorizing said settlement, and approving, ratifying, and confirming the same, and the release given thereon, is final and conclusive in this action, and cannot be collaterally assailed."

1. The doctrine of election of remedies is well settled in this state, and is to the effect following: Where a party has a right to choose one of two or more appropriate, but inconsistent, remedies, and with full knowledge of all of the facts and his rights makes a deliberate choice of one of them, he is bound by his election, and is estopped from again electing and resorting to the other remedy. Election of remedies differs from estoppel in its broadest sense in that it need not be shown that the party invoking it will suffer some material disadvantage unless his adversary be required to abide by his election. Pederson v. Christofferson, 97 Minn. 491, 106 N. W. 958. The facts alleged in the answer, and admitted by the reply, do not present a case of election. If a person other than the widow had been appointed administrator de bonis non and had brought this statutory action, it would be apparent that no claim, in reason, could be made that there had been any election of remedies by the plaintiff, for he never had but one remedy or cause of action. The fact that the widow of the deceased was appointed such administrator, instead of a third person, and as such brought this action, does not change the legal aspect of the case in the least. The widow, in her own right and that of her children, could not maintain this action. Aho v. Jesmore, 101 Minn. 449, 112 N. W. 538, 10 L. R. A. (N. S.) 998. Therefore she could not elect to bring it, instead of the one she did bring.

It is true that a release, fairly obtained, for a valuable consideration, from the parties entitled to receive the damages recovered for the death of a person by the wrongful act or neglect of another, is a bar to an action by the personal representative of the deceased. Sykora v. Case Threshing Machine Co., 59 Minn. 130, 60 N. W. 1008. Such,

however, is not this case, for the widow and children never received anything, nor did they ever have any right to bring an action against the defendant to recover anything, on account of the death of the husband and father.

Counsel in this connection cites Fowler v. Bowery, 113 N. Y. 450, 21 N. E. 172, 4 L. R. A. 145, 10 Am. St. 479, Barker v. Barker, 14· Wis. 131, and Carter v. Gibson, 61 Neb. 207, 85 N. W. 45, 52 L. R. A. 468. The first case cited was simply this: E. died, leaving a deposit in the defendant bank, and plaintiff was appointed executor of. her will; but the executor of the will of J., her husband, presented the passbook to defendant and received the amount of the deposit. The plaintiff, learning of such payment, brought suit against the executor of J., for the money received by him, and recovered judgment therefor, and, being unable to collect it, brought an action against the bank for the deposit. The court held in the last action that the plaintiff had elected one of two inconsistent remedies which he had, was bound by his election, and could not recover. The second case was the application of the elementary rule that, if a trustee uses the trust funds to buy real estate in his own name, the cestui que trust has an election either to hold the trustee responsible for the money or follow it into the land, but he cannot do both. In the last case relied on it was held, following the familiar rule, that, if a cestui que trust takes judgment against the trustee for the purchase price of trust property wrongfully, conveyed, he thereby ratifies the sale and waives his right to pursue the purchaser. It would seem, for the reason already suggested, that the cases cited are not here in point.

2. This brings us to the question whether the fact that the probate court made its order approving the alleged fraudulent settlement attempted to be made by Jesmore and the defendant is a bar to this action unless the order is set aside in some direct proceeding for that purpose. This question was not involved in the former appeal. Although the order of the probate court was made ex parte and without notice to the widow, yet, if the court had jurisdiction to make an order approving the settlement of the claim against the defendant, it may be conceded, for the purpose of this appeal, that the order could not be attacked collaterally. The probate court in this state has, by virtue of our state constitution (article 6, § 7), "jurisdiction over the estates of

deceased persons and persons under guardianship." If the action, given by the statute for the exclusive benefit of the widow and next of kin in case of the death of a person by the neglect or wrongful act of another, is no part of the estate of the deceased, it would follow that the probate court had no jurisdiction to make an order settling the cause of action. The cause of action does not belong to the deceased in his lifetime, but only accrues at his death, and the amount of the damages recovered are no part of his estate, to be administered and applied to the payment of debts and legacies. The administrator holds the proceeds of the action, when they are turned over to him, as trustee for the widow and next of kin, and not in trust for the estate of the deceased. The cause of action is given to the personal representative of the deceased as a matter of convenience. It might have been given to any other person or public officer in trust for the widow and next of kin, or directly to one of them in trust for all. The mere fact that the statute has given the cause of action to the administrator in trust does not give to the probate court power to administer the trust, and the administrator may make a valid settlement of the cause of action without the approval of the probate court. Hutchins v. St. Paul, M. & M. Ry. Co., 44 Minn. 5, 46 N. W. 79; State v. Probate Court of Dakota County, 51 Minn. 241, 53 N. W. 463; Foot v. Great Northern Ry. Co., 81 Minn. 493, 84 N. W. 342, 52 L. R. A. 354, 83 Am. St. 395.

It was held in the first case cited that a probate court had jurisdiction to appoint an administrator to prosecute the statutory action for the benefit of the widow (surviving spouse—R. L. 1905, § 4503) and next of kin, although the deceased left no property within the state and was not an inhabitant thereof. This was upon the ground that such cause of action would be deemed assets of the deceased to the extent of giving the probate court jurisdiction to appoint an administrator. It does not follow, from this conclusion, that the probate court has jurisdiction to direct a settlement of the cause of action, which vests in the administrator, when appointed, as trustee for the widow and next of kin, or affect one already made by approving it. The administrator, as trustee, then, had the right to settle and discharge the cause of action here in question without the approval of the court; and, having settled and released it, how could an order

of the probate court, made two days after the release was executed and delivered, affect its validity one way or the other? We are of the opinion that the probate court had no jurisdiction to make the order approving the settlement and release, and, further, that such order does not affect the validity of the release in question, and that, if it was in fact obtained by fraud, the plaintiff herein may avoid it in this action, as indicated in the case of Aho v. Jesmore, supra.

Order affirmed.