MARY MAYER v. HANNAH MAYER and Another.[1]

January 15, 1909.

Nos. 15,894—(183).

**Recovery for Wrongful Death—Distribution by Probate Court.**

The probate court has no authority or jurisdiction to order a distribution of funds recovered by an administrator under section 4503, R. L. 1905, for the wrongful death of his intestate.

**Same—For Whose Benefit.**

The recovery in such cases does not inure to the benefit of the estate of the deceased person, but solely to the benefit of his next of kin, and a distribution thereof rests exclusively with the district court in which the recovery is had.

Appeal by Mary Mayer, as administratrix of the estate of John C. Mayer, deceased, to the district court for Ramsey county from an order of the probate court denying her petition as the widow of deceased for the allowance of $500 selected by her out of certain moneys received for and on account of the wrongful death of deceased. The case was tried before Bunn, J., who made findings of fact and as conclusions of law found that the widow had no right to have the sum of $500 allowed or set apart to her under section 1, c. 334, Laws 1903, and affirmed the order of the probate court. From the judgment of affirmance, plaintiff appealed. Affirmed.

*Samuel A. Anderson,* for appellant.

*John W. Boerner,* for respondents.

BROWN, J.

The death of plaintiff's intestate was caused by the negligence of the street railway company, and after being by the proper probate court appointed administratrix of his estate she brought an action on behalf of the next of kin, under section 4503, R. L. 1905, to recover for his wrongful death. The action was settled by the payment of $500. Deceased left practically no property, save a little furniture, of about the value of $50. His widow, plaintiff, and two children survived. Sub-

[1] Reported in 119 N. W. 217.

sequent to the settlement of the action against the railway company, plaintiff, as widow, petitioned the probate court for an order assigning to her the household furniture of deceased and the $500 received in settlement of the action, basing her application upon section 3653, R. L. 1905, providing for the distribution of the estates of deceased persons. The application was denied, and she appealed to the district court where the order of the probate court was affirmed. Judgment was then entered, from which plaintiff appealed to this court.

The judgment is affirmed. The question involved is controlled by Aho v. Republic Iron & Steel Co., 104 Minn. 322, 116 N. W. 590, where it was held that a recovery in cases of this kind does not inure to the benefit of the estate of the deceased person, but solely to the benefit of his next of kin, and, further, that the probate court appointing the administrator, has no authority or jurisdiction over the action brought by him for the wrongful death of his intestate, or power to direct the distribution of the proceeds, if recovery be had therein. The recovery belongs exclusively to the next of kin and no part of it goes to the estate of the deceased person. We accordingly hold that the matter of its distribution rests wholly and entirely with the district court in which recovery is had. That court might properly enough be guided in making a distribution by section 3653.

Judgment affirmed.