# ANNA McVEIGH v. MINNEAPOLIS & RAINY RIVER RAIL-WAY COMPANY.[1]

February 11, 1910.

Nos. 16,474—(231).

**Death by Wrongful Act — Settlement with One Heir No Defense.**

In an action under the statute by an administrator to recover for loss of services for negligence in causing the death of an employee, it is no defense that the defendant had settled with one of the next of kin, prior to the appointment of the administratrix, or the commencement of the action.

**Same — Proper Practice.**

The proper practice in such case is for the defendant to apply to the trial court and have that portion of the fund which would otherwise be distributed to the heir with whom settlement was made applied pro tanto in satisfaction of the judgment.

**Excessive Damages — New Trial.**

The court did not err in granting a new trial on the ground that amount recovered was excessive.

Action in the district court for Itasca county to recover $5,000 for the wrongful death of plaintiff's intestate. The case was tried before McClenahan, J., and a jury which rendered a verdict in favor of plaintiff for the amount demanded. Defendant's motion for judgment non obstante was denied and its motion for a new trial was granted. From that part of the order which granted the motion for a new trial, plaintiff appealed. Affirmed.

*Spear & Stone,* for appellant.

*R. J. Powell,* for respondent.

LEWIS, J.

John McVeigh lost his life in an accident while in the employ of respondent company, and this action was brought by his mother, as administratrix, to recover damages under the statute. He left no wife or children, and the next of kin are his father and mother. The answer alleged that prior to the appointment of the administra-

[1]Reported in 124 N. W. 971.

trix the company had settled with the father of the deceased for the sum of $1,500 for the use and benefit of all those entitled to participate, and that the amount had been received by the father in full satisfaction of all claims and demands on the part of the next of kin. Appellant recovered a verdict of $5,000, and on motion the trial court granted a new trial, upon the ground that the verdict was excessive and for error in law occurring at the trial.

From the court's memorandum it appears that the error of law referred to was in eliminating all evidence offered by appellant with reference to the settlement with the father. Respondent undoubtedly proceeded in good faith in making the settlement with the father, and supposed he had authority to bind all the heirs of the deceased. In this respondent was mistaken. The father could only speak and act for himself. He was not the administrator of his son's estate, and it does not appear that he had any authority to represent his wife. The mother was at liberty to have herself appointed administratrix, and bring the action as provided by the statute.

The question remains, then, how may the company have the benefit of the settlement with the father? If the only heirs entitled to participate in the amount recovered are the father and mother, then that amount must be distributed in equal portions to each, and unless the company is to be given credit for the amount it has already paid to the father it will be called upon to pay an amount in excess of the $5,000 limited by statute. If respondent was without remedy after the rendition of the judgment against it, then there would be good reason for receiving evidence at the trial of the settlement in order to limit the amount of the recovery for the benefit of the remaining heir. But it is the settled rule of this court that the distribution of the fund recovered in such an action is entirely within the jurisdiction of the trial court. Mayer v. Mayer, 106 Minn. 484, 119 N. W. 217; Aho v. Republic Iron & Steel Co., 104 Minn. 322, 116 N. W. 590; Aho v. Jesmore, 101 Minn. 449, 112 N. W. 538, 10 L.R.A. (N.S.) 998.

Under the circumstances, the proper practice is for the company to make application to the trial court in the nature of a supplementary petition, or complaint, setting up the fact that it had settled with the father, and make demand for his portion of the fund. Such a course

being open to respondent in this case, the trial court did not commit error in refusing to receive evidence of the settlement at the trial.

The evidence was meager and indefinite as to the amount of pecuniary loss suffered by the parents on account of the death of their son, and we find no abuse of discretion on the part of the trial court in granting a new trial on the ground that the verdict was excessive.

Affirmed.