STATE ex rel. PATRICK D. SCANNELL v. DISTRICT COURT OF RAMSEY COUNTY and Others.[1]

May 19, 1911.

Nos. 17,035—(25).

**Death — distribution of funds received therefor — jurisdiction of district court.**

The commencement of an action is not necessary to confer on the district court jurisdiction for the distribution of funds received by executors and administrators for the wrongful killing of a decedent.

**Same — executor and administrator.**

Executors and administrators, who receive money in settlement of damages for the wrongful killing of a decedent, are officers of the court, and may be

[1]Reported in 131 N. W. 381.

---

[Note]   Law governing distribution of fund collected or recovered for negligent killing of a person, see note in 4 L.R.A.(N.S.) 814.

required to account for and distribute the fund in accordance with the rules of court.

**Same — constructive contempt.**

> Failure on the part of the relator to distribute the money in his hands in accordance with an order of the court constituted constructive contempt, and it appears from the record that the rights of the parties entitled to the money were prejudiced by his refusal to comply with the order.

Relator secured a writ of certiorari to review an order of the district court for Ramsey county, Bunn, J., adjudging him guilty of contempt of court in not complying with the terms of an order of October 22, 1909. Writ discharged.

*W. R. Duxbury*, for relator.

*Lars Rosness*, for respondents.

LEWIS, J.

O. Kalin was killed in 1907, and relator was appointed administrator of his estate. In April, 1908, he adjusted with the Northern Pacific Railway Company a cause of action against the company for causing Mr. Kalin's death, and received as administrator the sum of $600. On August 8, 1910, relator filed his petition in the district court of Ramsey county, and applied for an order of distribution of the fund, under section 4503, R. L. 1905, and for settlement of his account as administrator, and on October 22, 1910, an order of the district court was entered, which reduced the relator's fees as attorney for the estate from $300 to $200, allowed certain expenses, and directed that $124.21 be paid to the widow of the deceased, and $248.41 to the widow as the guardian of a minor child. This order was not complied with, and an order was issued requiring relator to show cause why he should not be punished for contempt, and as a result of the hearing relator was adjudged guilty of contempt and ordered to pay a fine of $25, and if not paid within ten days that he be committed to the county jail until paid, but not to exceed thirty days.

In Mayer v. Mayer, 106 Minn. 484, 119 N. W. 217, it was decided that money recovered for negligently causing the death of a person under section 4503 did not belong to the estate of deceased,

and that the district court had jurisdiction to distribute the fund collected. Soon after that decision was rendered the district court of Ramsey county adopted rules of court regulating the distribution of such funds. In general, they provided that applications by executors and administrators should contain a statement of the amounts received and disbursed, funeral expenses, attorney's fees and services, the names and addresses of. the next of kin and of all persons interested, whether the time for allowance of claims in the probate court had expired, and whether any allowance had been made in that court for the support of the deceased. The rules also provided for notice of a hearing by publication and service upon all parties interested.

Relator presented his application in accordance with these rules, but at the hearing on the contempt proceedings and in this court the objection was made that there was no proceeding pending before the court which gave it jurisdiction to apply the rules. Relator misconceives the force of section 4503. That section creates the right to maintain an action by the personal representative of the deceased; but an action is not necessary to secure recognition of the liability and settlement by agreement. The jurisdiction of the district court does not depend upon the commencement of an action, but upon the right of action. When the parties stipulate a settlement, the distribution of the fund is within the jurisdiction of the court to the same extent as when the money is paid as the result of a lawsuit.

An administrator who asserts a claim for damages for the wrongful death of a decedent, and receives money in settlement, is an officer of the court under section 4503, and is accountable to the court, and the rules referred to very properly require that a full account shall be made and that all interested parties have notice of the hearing.

Since relator was an officer of the court, he was subject to punishment by contempt for disobedience to the order to pay over the money. Constructive contempt may be punished by fine not exceeding $50, or by imprisonment, or both, when it appears that the right or remedy of a party to an action was prejudiced. It appears

in this case that the rights of those entitled to the money were pre-judiced by the refusal of relator to comply with the order.

Affirmed.

BUNN, J., took no part.