SWAN, Administrator, Respondent, vs. NORVELL and another, Receivers, Appellants.

*September 27 — October 12, 1900.*

*Special administrator: "Personal representative:" Capacity to sue for death of his decedent.*

1. A special administrator, so long as he continues in office, is "the personal representative" of the deceased.
2. Under sec. 4256, Stats. 1898 (providing that actions for wrongful death "shall be brought by and in the name of the personal representative of such deceased person "), a special administrator may bring such an action, and, if his office terminates during its pendency, the general administrator may be admitted to prosecute it to judgment.

APPEAL from an order of the superior court of Douglas county: CHARLES SMITH, Judge. *Affirmed.*

For the appellants there was a brief by *Ross, Dwyer & Hile*, and oral argument by *W. D. Dwyer.*

For the respondent there was a brief by *Crownhart & Foley*, and oral argument by *W. R. Foley.*

WINSLOW, J. The plaintiff, in his capacity as special administrator of the estate of his deceased infant son, brings this action for damages, alleging the death of his said son by the negligence of the defendants' servants, and also alleging his own appointment as special administrator of the estate of the deceased prior to the commencement of this action. A demurrer to the complaint on the ground that the plaintiff has not legal capacity to sue was overruled, and the defendants appeal.

The sole question is whether a special administrator, under our statutes, is empowered to bring and maintain this action, or whether it can only be brought by the general administrator. This is purely a question of statutory construction.

Our statute, after empowering the county court to appoint a special administrator in case of delay in the granting of letters of administration, or when such course shall satisfactorily appear to be necessary (Stats. 1898, sec. 3810), defines the powers of such special administrator as follows (Stats. 1898, sec. 3811): "Such special administrator shall have power to collect all the goods, chattels and credits of the deceased, and, with leave of the court, to lease for a term not exceeding one year the real property of the deceased, to care for, gather and secure crops, and do such other things as the court shall direct and as may be deemed for the interests of the estate, and preserve all the property of the deceased for the executor or administrator who may afterwards be appointed and may for such purposes commence and maintain actions as an administrator, and sell such personal property of the deceased as the court may direct. Such administrator shall not be liable to an action by any creditor or to be called upon in any way to pay the debts of the deceased."

By sec. 4255, Stats. 1898, an action for the wrongful death of a person is created, and by sec. 4256 it is specially provided that "every such action shall be brought by and in the name of the personal representative of such deceased person."

While it may be a question of serious doubt whether, under the provisions of sec. 3811, a special administrator would have power to bring such an action as the present, we can entertain no doubt but that he is empowered so to do by the provisions of sec. 4256. The last-named section is a special provision governing this particular subject, and it authorizes the bringing of the action by the "personal representative" in express words. That a special administrator is "the personal representative" of the deceased so long as he continues in office is not open to argument or doubt. We see no escape from the conclusion that he may bring such an action, nor do we perceive any hardship in

such a rule. If his office terminates by the appointment of a general administrator pending the action, the general administrator may be admitted to prosecute the action to judgment. Stats. 1898, sec. 3813.

*By the Court.*— Order affirmed.

