## HENRY E. JONES v. MINNESOTA TRANSFER RAILWAY COMPANY.[1]

June 4, 1909.

Nos. 16,087—(118).

**Statutory Action by Special Administrator.**
A special administrator is a personal representative of the decedent, within

[1]Reported in 121 N. W. 606.
108 M.—9.

the meaning of R. L. 1905, § 4503, and may bring an action for the recovery of damages for death of the decedent by wrongful act or omission.

Action in the district court for Ramsey county by the special administrator of the estate of Allen D. Close, deceased, to recover $5,000 for the death of his intestate. The defendant demurred on the ground (1) That the plaintiff had not legal capacity to sue in this kind of action or to recover damages, and (2) The facts stated did not constitute a cause of action. From an order overruling defendant's demurrer to the complaint, it appealed. Affirmed.

*W. H. Norris* and *F. W. Root,* for appellant.
*Stan J. Donnelly* and *D. E. Dwyer,* for respondent.

START, C. J.

Appeal by defendant from an order of the district court of the county of Ramsey overruling its general demurrer to the complaint in this a personal injury action. The sole question to be decided is whether a special administrator has a right to maintain the action given by statute for the recovery of damages for death by wrongful act or omission.

The statute giving such cause of action (R. L. 1905, § 4503) provides that the personal representative of such decedent may maintain an action therefor, if commenced within two years after the act or omission, for the exclusive benefit of the surviving spouse and next of kin, to be distributed to them in the same proportion as personal property of persons dying intestate; but funeral expenses and any demand for the support of the decedent duly allowed by the probate court shall first be deducted and paid. Section 3636, R. L. 1905, provides that the word "representative," when used in reference to probate courts and proceedings therein, shall be construed as including special administrators. The ordinary meanings of the words "personal representative" and "representative" are the same, and refer to the person constituted a representative by the proper court. 6 Words & Phrases, 5359. A special administrator is a representative of a decedent, appointed by the probate court to care for and preserve his estate until an executor or general administrator is appointed. R. L. 1905, § 3703.

The cause of action, however, to recover damages for death by wrongful act, is given only by section 4503, and the question is whether the term "personal representative," as therein used, includes a special administrator. The damages are for the benefit of the surviving spouse and next of kin, and are no part of the decedent's estate. The cause of action is given to the personal representative of the deceased as a matter of convenience, and without reference to his powers and duties under the statute regulating the administration of the estates of decedents. Aho v. Republic Iron & Steel Co., 104 Minn. 322, 116 N. W. 590; Mayer v. Mayer, 106 Minn. 484, 119 N. W. 217.

It is not difficult to suggest reasons why the term "personal representative," as used in this statute, should not be limited so as to exclude special administrators. The action given by the statute must be brought within two years next after the wrongful act or omission, and it might well happen in some cases that the death of the decedent would not result until nearly two years after the occurrence of the act or omission causing his death, and too late to secure the appointment of a general administrator before the action would be barred. In other cases there might be protracted litigation over the appointment of an executor or administrator, for such length of time as to prevent his appointment before the expiration of the time in which the action must be brought. An intention in such cases to deprive the widow and children of the decedent of all benefit of the statute cannot be imputed to the legislature, unless the language of the statute leaves no other reasonable alternative.

There is nothing in the language of the statute which requires a restricted meaning to be given to the term "personal representative," and excludes therefrom a special administrator. We are of the opinion, and so hold, that the only reasonable construction of the statute consistent with its language and beneficent purpose is that a special administrator is a personal representative of a decedent, and may bring the action and maintain it until a general administrator is appointed and substituted. The supreme court in the case of Swan v. Norvell, 107 Wis. 625, 83 N. W. 934, in construing a statute substantially like our own, held that a special administrator could bring and maintain the action. See also Houston v. Hook, 60 Tex. 403, and Louisville v. Chaffin, 84 Ga. 519, 11 S. E. 891.

Order affirmed.