**SEARS ROEBUCK & CO., Plaintiff,**

v.

**Louis STOCKWELL et al.,**
**Defendant.**

Civ. No. 4336.

United States District Court
D. Minnesota, Fourth Division.

Sept. 6, 1956.

Kenneth G. Owens, Asst. U. S. Atty., St. Paul, Minn., for the Government.

Rodger Nordbye, Minneapolis, Minn., for Rasmuson Bros., judgment creditor.

DEVITT, District Judge.

The question for decision is as to the proper interpretation of the Federal Tax Lien Notice statute as it relates to the Minnesota title recordation laws. The issue is as to the priority to be accorded to the claims of the United States and a judgment creditor to a fund in the registry of the court.

This action was started against Louis Stockwell; the relief sought was the imposition of a constructive trust upon certain real estate in Hennepin County, Minnesota. That cause of action is of no import here since the original plaintiff, Sears Roebuck, has elected to proceed against Stockwell personally and has relinquished any claim to the property involved. The property has been sold, by order of this court, free and clear of any of the liens claimed in this action, but subject to a prior and valid mortgage incumbrance. The amount of the purchase price over and above the amount of the mortgage incumbrance is $14,692.52, and this amount has been deposited with the registry of the court. This fund now stands in place of the property. The present proceeding involves the respective rights to this fund of Rasmuson Bros., a judgment creditor of Stockwell, and the United States, which asserts a lien for taxes. The narrow issue is the priorities to be accorded each lien. The parties have submitted the case on a stipulation.

The title to the property involved, now represented by the fund, is registered under Chapter 508, Minnesota Statutes, M.S.A. § 508.01 et seq., the Torrens Act. The title is evidenced by certificate No. 168790, Book 553, in the office of the Registrar of Titles, Hennepin County, Minnesota.

On March 26, 1953 a state court judgment for $1,748.10 against Stockwell for labor and materials furnished for improvement of the premises was docketed by Rasmuson Bros. as a lien against the property. The claim of lien was duly entered as a memorial on the Certificate of Title by the Registrar of Titles of Hennepin County, Minnesota. The validity of this lien is unquestioned.

On or about December 2, 1952, the United States filed a Notice of Tax Lien against Stockwell in the amount of $17,106.12 for additional income taxes, penalties, and interest in the office of the Register of Deeds of Hennepin County, Minnesota. The notice was recorded in the book of liens of that office, but was not offered for filing to the Registrar of Titles nor was it memorialized on the certificate of title in that office.

It follows that the federal tax lien, being prior in time to the judgment lien of Rasmuson Bros., is superior, unless, as the judgment creditor contends, the notice of tax lien was invalid as to him.

The controlling statutes are those of the Internal Revenue Code of 1939. Under the 1939 Code, taxes unpaid after demand become a lien on all property of the taxpayer. 53 Stat. 448, 26 U.S.C.A. (I.R.C.1939) § 3670. The lien arises when the assessment list is received by the local collector, or at such date prescribed by law. 53 Stat. 449, 26 U.S.C.A. (I.R.C.1939) § 3671. However, such lien is ineffective as against other claimants unless a notice of it is filed. 53 Stat. 449, as amended by Sec. 505, Revenue Act of 1942, c. 619, 56 Stat. 957, 26 U.S.C.A. Int.Rev. Acts, 26 U.S.C.A. (I.R.C. 1939) § 3672. This law, in so far as pertinent, reads:

"Sec. 505. Requirement of Filing Notice of Lien

"Section 3672(a) (relating to requirement of filing notice of lien for taxes) is amended to read as follows:

"'(a) Invalidity of lien without notice. Such lien shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector—

"'(1) Under State or Territorial laws. In the office in which the filing of such notice is authorized by the law of the State or Territory in which the property subject to the

lien is situated, whenever the State or Territory has by law authorized the filing of such notice in an office within the State or Territory; or

" '(2) With clerk of district court. In the office of the clerk of the United States district court for the judicial district in which the property subject to the lien is situated, whenever the State or Territory has not by law authorized the filing of such notice in an office within the State or Territory: * * *.' "

Pursuant to a predecessor of this statute, the State of Minnesota enacted a conformity statute, Laws 1923, Chapter 314, now contained in Minn.Stat. 1949, Sec. 272.48, M.S.A. § 272.48, which authorizes the filing of United States Tax liens. It reads:

"The filing and recording in the office of the register of deeds of any county in this state of notices of liens for taxes due the United States and discharges and releases of such liens is hereby authorized."

■ The office of the Register of Deeds in Minnesota is a two-headed agency. "Registers of deeds shall be the registrars of titles in their respective counties." M.S.A. § 508.30. The Register of Deeds, in that capacity, is made responsible for the recordation of instruments affecting title to property not registered under the Torrens System. As Registrar of Titles, he has special functions to perform concerning registered land under the Torrens System. The registration of titles involves an in rem judicial proceeding to quiet title against all known or unknown persons. By decree of the state court a certificate of title is issued; one who deals with the property need take notice, presumably, only of those claims upon the property which are noted or memorialized on the certificate.

The property involved in the case at bar was registered under this system and Rasmuson Bros., in order to perfect its judgment lien, properly filed it with the Registrar of Titles, in accordance with Minn.Stat.1949, Sec. 508.48,

M.S.A. § 508.48. Rasmuson's claim was thereupon memorialized upon the certificate of title. The United States, however, filed only a notice of blanket lien with the Register of Deeds. Specific tracts of land against which the lien was claimed were not identified.

It is the contention of the judgment creditor that the United States should also have filed its lien with the Registrar of Titles in accordance with state law to the end that the Torrens title certificate of the tract in the debtor's name would reflect the government tax lien. Failing this, it is argued, the notice of lien was ineffective and the tax lien is not entitled to priority.

The United States argues that 26 U.S. C.A. (I.R.C.1939) § 3672(a) (1) requires only that notices of liens, in order to be effective as against judgment creditors, be filed in an office so designated by the state for that purpose, and that the United States did file its notice of lien in the properly designated office, to wit, the office of the Register of Deeds pursuant to the State Conformity Statute, M.S.A. § 272.48. It is urged that the power delegated to the state is only to designate a proper office for filing, and that the federal statute does not require that the filing be in accordance with state law.

■ The exact issue raised here was fully argued and decided adversely to the government by one of the judges of this district in September, 1954 in the case of United States v. Ryan, D.C., 124 F.Supp. 1. It was there held that a notice of federal tax lien filed with the Register of Deeds under the debtor's name and which was not memorialized on the Torrens Title Certificate applicable to the registered land, did not give the United States an enforceable lien against a subsequent purchaser after mortgage foreclosure. That decision is controlling in this district, and disposes of the issue here.

■ I am not unmindful of the very persuasive arguments which point to the soundness of a contrary holding. I am satisfied that under the Constitution, First Article, Section 8, the federal gov-

ernment is vested with plenary power to levy and collect taxes, and that this authority, including the power to prescribe an effective method for acquiring a lien against a delinquent taxpayer's property, may not be interfered with in any manner by the action of the state legislatures. United States v. Snyder, 149 U.S. 210, 13 S.Ct. 846, 37 L.Ed. 705. There it was specifically held that the operations of the federal tax system, especially the collection of federal taxes, is not subject in any manner to the requirements of the recording laws of the states.

The history of federal legislation on this subject is enlightening. The Congress first acted in this field on March 4, 1913 when it provided, in 37 Stat. 1016, that a lien for federal taxes is not to be valid as against any mortgagee, purchaser or judgment creditor until notice of it had been filed with the Clerk of the Federal District Court of the district within which the taxpayer's property was situated; with the proviso, however, that if any state should designate an appropriate office for the filing of such lien notice, the lien was not valid until the lien notice was filed in such designated state office. That act of 1913 was identical in all material respects to the present Section 3672(a) quoted above.

The first major change in this law came in 1928. The Revenue Act of May 29, 1928, 45 Stat. 875, amending Revised Statute 3186, provided, to the extent pertinent, that a lien for federal taxes was not to be valid as against mortgagees, purchasers or judgment creditors until notice there was filed:

"* * * '(1) *in accordance with the law of the State or Territory* in which the property subject to the lien is situated, whenever the State or Territory has by law provided for the filing of such notice; or (2) in the office of the clerk of the United States District Court for the judicial district in which the property subject to the lien is situated, whenever the State or Territory has not by law provided for the filing of such notice * * *.'" (Emphasis supplied.)

It is to be noted that by this amendment Congress provided that such federal tax liens were effective only when notice thereof was filed "in accordance with the law of the state."

The next change in the law came in the Revenue Act of 1942, codified in 26 U.S.C.A. (I.R.C.1939), § 3672(a), when the words "in accordance with the law of the State" were eliminated. It simply provided that such lien notices must be filed "In the office in which the filing of such notice is authorized by the law of the State or Territory in which the property subject to the lien is situated" or if no office is authorized by the state, then in the office of the Clerk of the Federal District Court.

It is strongly urged by the government, and not to an inattentive mind, that it is apparent from reading this change in the law made by the Revenue Act of 1942 that Congress intended to make it clear that the effectiveness of such lien notices was not to be made dependent upon compliance with state laws. There is logic in a deduction that this change in the statute was probably prompted by the decision of the Federal District Court in Michigan, United States v. Maniaci, D.C.W.D.Mich., 36 F. Supp. 293, decided on February 2, 1939. It held that a notice of tax lien not containing a description of the property as required by state law was ineffective and invalid. An examination of the expressions of both houses of Congress in the Reports which accompanied the 1942 amendment lends weight to the argument that this change was for the purpose of negativing the effect of the Maniaci decision and making it clear that the effectiveness of lien notices was not to be made dependent upon compliance with state laws.[1]

1. The Senate Report (S.R. 1631, 77th Cong., 2d Sess., p. 248) (1942 Cum.Bull. 504.686) reads:

"The Treasury Department has consistently taken the position that Section 3672 of the Code and the corresponding

 In the light of the express wording of the statute, especially when viewed in the revealing scope of its legislative history, my inclination is to hold that Congress has effectively limited the power of the states to merely designating an appropriate office for filing tax lien notices, and that the state governments are without authority to prescribe additional requirements. But, persuasive as that may be, I am led to the contrary conclusion for the essential reason that this is a doubtful question and it has already been judicially determined in the opposite way by this court in the Ryan case, supra. The Sixth Circuit has similarly viewed the issue, by obiter, at least. See Youngblood v. United States, 141 F.2d 912.

The government was the losing party in the Ryan case. It did not appeal that decision. It has been settled law in this jurisdiction for two years. Real estate transactions have been made and monies have been loaned on the strength of it. Real estate title examiners have relied upon it. The Referees in Bankruptcy in this district have been governed by it and in at least two instances, the Referee has held against the government on this very issue on the authority of Ryan. No appeal was taken. Although not hoary with age, it has acquired a sanctity within the doctrine of stare decisis. It is a considered decision and should not be lightly disregarded by other judges in this district. In the absence of palpable mistake or error, it should be respected as the law until changed by an appellate court. It is my conclusion that good public policy and the orderly and consistent administration of justice is better advanced by subscription to the Ryan decision.

Attorneys for the judgment creditor may prepare an appropriate order.

provisions of prior law authorize the State or Territory only to designate the local office for the filing of the notice of lien. This section of the bill, which clarifies Section 3672(a), as amended, * * * is merely declaratory of the existing procedure, and in accordance with the long continued practice of the Treasury Department, which has been questioned in the courts."

The House Report (H.R. No. 2222, 77th Cong., 2d Sess., p. 173) (1942–2 Cum.Bull. 372, 498) reads:

"This section of the bill clarifies Section 3672(a) of the Code by providing expressly that the notice required to validate a lien for Federal tax against any mortgagee, pledgee, purchaser, or judgment creditor, shall be sufficient if filed in the office in which the filing of such notice is authorized by ·the law of the State or Territory in which the property subject to the lien is situated, *without regard to other general requirements with respect to recording prescribed by the law of such State or Territory.*" (Emphasis supplied.)