Louise M. LOEGERING, as Trustee for the Heirs of Arthur Simonson, Decedent, Plaintiff,

v.

COUNTY OF TODD, a Municipal Corporation; Earl Steuck; Jay Blain; Lyle Pantzke; and Mutual Service Casualty Company, Defendants.

No. 3–59–Civ.–305.

United States District Court
D. Minnesota.
Third Division.
July 8, 1960.

Bradford & Kennedy, by Charles W. Kennedy, Wadena, Minn., and Rosengren, Rufer & Blatti, by Robert Blatti, Fergus Falls, Minn., for plaintiff.

Keith L. Wallace, Alexandria, Minn., for defendants. Doherty, Rumble & Butler, St. Paul, Minn., of counsel.

DEVITT, Chief Judge.

Arthur Simonson was killed on July 9, 1958 when his car came over the crest of a hill and collided with a road grader owned by Todd County, Minnesota, and being operated by one of its employees on the left side of a county road. In this action for wrongful death, plaintiff, a citizen of Montana recovered a jury verdict of $15,000 against Todd County and three of its employees, all citizens of Minnesota.

Defendants move now for dismissal on the grounds that there was no valid diversity jurisdiction; for judgment notwithstanding the verdict because the decedent was negligent as a matter of law; and, in the alternative, for a new trial for alleged errors occurring at trial.

Arthur Simonson was survived by his wife, Ella, and four married children, one of whom is Louise Loegering, the plaintiff in this case. Mrs. Ella Simonson was appointed Trustee for her husband's heirs under authority of 37 Minn. Stat.Ann. § 573.02 (Supp.1959), and brought a wrongful death action in the State Court. A verdict for the defendants was later set aside, and a second trial in the State Court was aborted by the declaration of a mistrial for reasons not here pertinent. Mrs. Simonson later resigned as Trustee. On December 3, 1959, Louise Loegering was appointed Trustee by the State District Court. She then brought this action in Federal Court.

The defendants' first contention is that this action should be dismissed for lack of diversity jurisdiction because the plaintiff's appointment as Trustee was an improper or collusive act performed solely for the purpose of creating jurisdiction, and therefore falls within the prohibition of 28 U.S.C. § 1359 (1952). That Section reads as follows:

"A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court."

In connection with this claim, it should be first observed that the same motion for the same reason was made to Judge Bell on February 23, 1960, and was, by him, denied on March 31, 1960. Regardless of the merits of the contention, it would ill behoove this court, even if so minded, to set aside the considered ruling of a confrere on a multiple-judge court. We have taken the position that good public policy and the orderly and consistent administration of justice require us in most cases to follow the rulings of our associates even though our individual judgment might dictate a contrary conclusion, Sears Roebuck & Co. v. Stockwell, D.C.Minn.1956, 143 F.Supp. 928, 932, and might agree with a reversal by the Court of Appeals, United States v. Rasmuson, 8 Cir., 1958, 253 F.2d 944, 947.

But aside from the wisdom of our continued subscription to this policy, it appears that the requisite diversity jurisdiction here has been properly established. The plaintiff is a resident of Montana and all of the defendants are residents of Minnesota. She was properly appointed Trustee under Minnesota law by a State District Court Judge, subscribed to the requisite oath, and qualified as such. The plaintiff is a daughter of the deceased, and as such, one of those for the benefit of whom a wrongful death action may be brought. It was not made to appear that the plain-

tiff did not or does not control this litigation, or that she would not have been responsible for court costs incurred, or that she is not a real party in interest. There was no evidence presented from which it could be concluded that the plaintiff was improperly or collusively joined within the meaning of 28 U.S.C. § 1359 (1952).

The basic law in connection with diversity jurisdiction in cases of this kind is well-stated by the United States Supreme Court in Mecom v. Fitzsimmons Drilling Co., 1931, 284 U.S. 183, 186, 52 S.Ct. 84, 85, 76 L.Ed. 233, in these words:

"It is settled that the federal courts have jurisdiction of suits by and against executors and administrators if their citizenship be diverse from that of the opposing party, although their testators or intestates might not have been entitled to sue or been liable to suit in those courts for want of diversity of citizenship."

More specifically, the Court in that case expressed the controlling principle that:

" * * * where an administrator is required to bring the suit under a statute giving a right to recover for death by wrongful act, and is * * * charged with the responsibility for the conduct or settlement of such suit and the distribution of its proceeds to the persons entitled under the statute, and is liable upon his official bond for failure to act with diligence and fidelity, he is the real party in interest, and his citizenship, rather than that of the beneficiaries, is determinative of federal jurisdiction." 284 U.S. at 186.

The Court of Appeals for the Eighth Circuit followed the above-stated principle of law in Minnehaha County v. Kelley, 8 Cir., 1945, 150 F.2d 356. There the plaintiff was a resident and citizen of California. She brought suit in Federal Court as special administratrix of the deceased's estate under the South Dakota wrongful death statute. The deceased was a citizen and resident of South Dakota, as were his father and mother, who were named beneficiaries of the action. The court upheld jurisdiction, stating:

"Plaintiff sued in a representative capacity; she was a resident and citizen of the State of California; she was the only necessary or proper party plaintiff. Parties acting in a representative capacity, if jurisdictional requirements are otherwise satisfied, have the right to maintain a civil action in a Federal court, and the citizenship of the representative party controls irrespective of the citizenship of the persons for whose benefit the action may be brought. In other words, the Federal courts have jurisdiction of actions by or against executors and administrators, if their citizenship is diverse from that of the opposing party." 150 F.2d at page 358.

In both of the above cases the plaintiffs were suing as administrators appointed by the State Courts. In the instant case, the plaintiff is suing as a Trustee, but there is no reason why the same principle of law should not apply regardless of the title of the representative who brings the action for wrongful death.

Prior to 1951, the Minnesota wrongful death statute provided for the bringing of such suits by the executor or administrator of the estate. 37 Minn. Stat.Ann. § 573.02 (1947). Under this former law, it was clear that the executor or administrator was the only one who could properly bring the action as plaintiff, Scheffer v. Minneapolis & St. L. Ry., 1884, 32 Minn. 125, 19 N.W. 656; Nash v. Tousely, 1881, 28 Minn. 5, 8 N.W. 875; see Jones v. Minnesota Transfer Ry., 1909, 108 Minn. 129, 121 N.W. 606. At least to some extent, he was the real party in interest, McGuigan v. Allen, 1925, 165 Minn. 390, 206 N.W. 714 (syllabus); cf. Hamilton v. McIndoo, 1900, 81 Minn. 324, 84 N.W. 118; but see Zontelli Bros. v. Northern Pac. Ry., 8 Cir., 1959, 263 F.2d 194, 198; Turner

v. Minneapolis St. Ry., 1922, 153 Minn. 509, 190 N.W. 986. It appears that the Trustee under the amended wrongful death statute, 37 Minn.Stat.Ann. § 573.-02 (Supp.1959), occupies a comparable position, cf. Beck v. Groe, 1955, 245 Minn. 28, 70 N.W.2d 886, 891–893, 897–898, 52 A.L.R.2d 875, and that the purpose of the 1951 amendment was mainly to permit the appointment of a representative by the District Court in which the wrongful death action is instituted, and thus to obviate the necessity of requiring the qualification of an administrator or executor in the Probate Court. As the Trustee appointed to bring the wrongful death action, the plaintiff here is in the same category as the special administrator in Minnehaha County v. Kelley, supra.

Defendants argue that the case of Martineau v. City of St. Paul, 8 Cir., 1949, 172 F.2d 777, decided four years after Minnehaha County, states the controlling law. But that case involved the estate of a minor rather than that of a deceased person. The Court held that under Minnesota law, the minor was the actual plaintiff and that requisite diversity of citizenship could not be maintained in Federal Court by an Illinois Guardian of a Minnesota minor in an action against a Minnesota defendant. As observed above, the general rule is that in the case of a deceased person, as distinguished from the estate of a minor, the citizenship of the personal representative normally controls for diversity purposes. 3 Moore, Fed.Pract., Parags. 17.03, 17.04, 17.12 (2d ed. 1948). The exception to this pattern as contained in Thames v. State of Mississippi, 5 Cir., 117 F.2d 949, 136 A.L.R. 926, certiorari denied, 1941, 314 U.S. 630, 62 S.Ct. 63, 86 L.Ed. 506, is distinguishable by pointing out that the beneficiaries in that wrongful death action were also proper parties plaintiff under the state law, which is not the case in Minnesota.

While the holding in Martineau v. City of St. Paul, supra, constitutes a point of disagreement with the Court of Appeals for the Third Circuit in Fallat v. Gouran,

3 Cir., 1955, 220 F.2d 325, 327, Martineau contains no challenge to the correctness of Minnehaha County v. Kelley, supra, which we believe controls the first issue as to the status of the Trustee. Neither does Martineau conflict with the Third Circuit's opinion in Corabi v. Auto Racing, Inc., 3 Cir., 1959, 264 F.2d 784, which controls the second issue as to the collusiveness or impropriety of her appointment.

The Corabi case is almost identical with the situation here. A Pennsylvania minor was killed in Pennsylvania. His resident mother first obtained appointment as administratrix from the Pennsylvania Orphans Court, and then resigned for the admitted purpose of having a non-resident appointed so that an action could be brought in Federal court against Pennsylvania defendants. The Probate Court accepted the resignation and appointed Corabi, a citizen of Ohio, who then brought the wrongful death action in the Federal District Court in Pennsylvania. There the issue as stated by Chief Judge Biggs, was:

> "Whether the resignation or renunciation of a resident administratrix and the appointment of a non-resident administrator, d. b. n., for the express purpose of creating diversity of citizenship between the parties, was collusive and, therefore, in violation of Section 1359." Title 28 U.S.C., 264 F.2d at page 785.

The Court in that case answered the question in the negative and concluded that such conduct alone did not violate Section 1359. The Court took the view that the motives for the appointment of Corabi (to obtain diversity) were irrelevant and that the appointment was not improper or collusive.

Our own Court of Appeals in the case of McCoy v. Blakely, 8 Cir., 1955, 217 F.2d 227, 230, took a similar position, probably by dictum, when it said:

> "Even if, as contended by the defendant, the appointment of Blakely was for the sole purpose of creating diversity of citizenship in order to

invoke the jurisdiction of the Federal Court, that fact, without more, would not establish the alleged violation of the relied-upon statute."

■ If we assume, as is not unlikely, that the appointment of this plaintiff as Trustee was procured for the purpose of creating diversity of citizenship and thus qualifying for Federal Court jurisdiction, this fact of itself is not sufficient to justify a dismissal for lack of jurisdiction. More must be shown in order to sustain the impropriety or collusiveness contemplated by the statute. See Corabi v. Auto Racing, Inc., supra, 264 F.2d at page 788; Jaffe v. Philadelphia & Western R. R., 3 Cir., 1950, 180 F.2d 1010, criticizing Cerri v. Akron-People's Tel. Co., D.C.N.D.Ohio, 1914, 219 F. 285. Nothing has been shown here to justify the conclusion that the appointment of the plaintiff as Trustee was secured either improperly or collusively.

■ Defendants next urge that the decedent was negligent as a matter of law. The testimony showed that he was traveling between 45 and 50 miles per hour on a gravelled country road in hilly terrain. Soon after reaching the crest of a hill, he met the road grader head on coming up the left side of the road. Defendants contend that Simonson was negligent in going too fast and not keeping a proper lookout, and in not applying his brakes prior to impact, because there was sufficient sight-distance for him to have avoided the road grader if he had been observant and driving in a careful manner. But the testimony was in conflict as to many of the material facts, including the correct sight-distances at the hill, the reaction time necessary to apply the brakes, and the fact as to whether the decedent actually applied the brakes. Taking the version of the disputed facts most favorable to the plaintiff, as we must on this motion, I cannot conclude that decedent was negligent as a matter of law. It was a fact issue, and the jury decided it.

■ The defendants also move for a new trial on various grounds. It is claimed that the jury was misinstructed concerning the emergency doctrine, that the Court erred in giving certain instructions and denying others. It is also claimed that error was committed in receiving certain claimed irrelevant evidence. The Court has considered all of these claims and concludes that the instructions considered as a whole properly stated the applicable guiding principles of law, and that no prejudicial error was committed in either receiving or rejecting evidence.

All motions are denied.