**DAVIDSON RUBBER COMPANY, Incorporated, Plaintiff,**

v.

**SHELLER MANUFACTURING CORPORATION, Defendant.**

**Civ. No. 3–648–D.**

United States District Court
S. D. Iowa,
Davenport Division.

Dec. 1, 1965.

Otto C. Bauch, Davenport, Iowa, Robert B. Russell, Boston, Mass., for plaintiff.

Neal A. Waldrop, Detroit, Mich., R. Richard Bittner, Davenport, Iowa, for defendant.

ROY L. STEPHENSON, Chief Judge.

This is a suit for infringement of Patent No. 3,123,403 which was a continuation in part of Application Serial No. 757,441 filed in the United States Patent Office on August 20, 1958.

Defendant has moved for Summary Judgment alleging that the said patent is invalid under 35 U.S.C. Section 185 on the ground that plaintiff failed to obtain a license under 35 U.S.C. Section 184 before filing foreign applications in Canada, Great Britain and West Germany.

It is agreed that the said foreign applications were filed prematurely, the orders for the said premature filings having been given on and after January 30, 1959. It is also agreed that on October 28, 1965, plaintiff filed in the patent office a Petition for Retroactive License

---

pursuant to 35 U.S.C. Section 184 to cover said premature foreign applications and that on November 26, 1965 the Commissioner of Patents granted plaintiff a License for Foreign Filing retroactive to January 30, 1959 with respect to Canada, Great Britain, West Germany, France and Italy. Defendant does not challenge the propriety of the act of the Commissioner of Patents in issuing said retroactive license, but contends that this act in itself does not validate the patent. Defendant relies on the case of Minnesota Mining & Manufacturing Company v. Norton Company, et al., 240 F.Supp. 150 (D.Ohio 1965). Plaintiff contends that the 3M decision is incorrect and plaintiff relies on the cases of Engelhard Industries, Inc. v. Sel-Rex Corporation, 145 U.S.P.Q. 319 and Blake, et al., v. The Bassick Company, et al., 245 F.Supp. 635, N.D.Ill.1965.

This Court is persuaded more by the reasoning of the cases cited by plaintiff and particularly the opinion of Judge Robson in the Blake case, supra. It is the holding of this Court that the retroactive license issued to plaintiff validates the patent in suit.

Defendant's Motion for Summary Judgment is denied.