The **PILLSBURY COMPANY**, Plaintiff,

v.

**GENERAL MILLS, INC.**, Defendant.

No. 4–63 Civ. 408.

United States District Court
D. Minnesota,
Fourth Division.

Feb. 10, 1966.

Ronald E. Lund, Minneapolis, Minn., for plaintiff.

Horace Hitch, of Dorsey, Owen, Marquart, Windhorst & West, Minneapolis, Minn. (W. D. Keith, New York City, and W. C. Babcock, Minneapolis, Minn., of counsel), for defendant.

NORDBYE, District Judge.

The validity of Patent No. 3,038,808, filed on April 3, 1961, and issued to the plaintiff on June 12, 1962, has been challenged by the defendant by reason of a supplemental disclosure filed in Canada on September 15, 1961, less than six months from the filing date of the United States patent in violation of Section 184, Title 35, United States Code. The supplemental disclosure filed in Canada was a patent application within the meaning of Section 184, Title 35, United States Code. It should be stated that the original application of the plaintiff for a patent, No. 772,173, on the method of a premix for a foam cake was filed by plaintiff on November 6, 1958. A corresponding application by the plaintiff in Canada was filed on November 4, 1960. The parent United States application, No. 772,173, was abandoned, and thereupon a new application, Serial No. 100,011, was filed on April 3, 1961, and it was less than six months from that filing date when a supplemental disclosure was filed in Canada by the plaintiff disclosing the new subject matter which had been added to the United States continuation in part application. No license had been obtained from the Commissioner authorizing the plaintiff to file or cause to be filed on September 15, 1961, the supplemental disclosure in the Dominion of Canada as required by law. The statutes with which we are primarily concerned are Sections 184, 185 and 186, Title 35, United States Code.[1]

1. "Section 184. Except when authorized by a license obtained from the Commissioner a person shall not file or cause or authorize to be filed in any foreign country prior to six months after filing in the United States an application for patent or for the registration of a utility model, industrial design, or model in respect of an invention made in this country. A license shall not be granted with respect to an invention subject to an order issued by the Commissioner pursuant to section 181 of this title without the concurrence of the head of the departments and the chief officers of the agencies who caused the order to be issued. The license may be granted retroactively where an application has been inadvertently filed abroad and the application does not disclose an invention within the scope of section 181 of this title.

"The term 'application' when used in this chapter includes applications and any modifications, amendments, or supplements thereto, or divisions thereof."

"Section 185. Notwithstanding any other provisions of law any person, and his successors, assigns, or legal representa-

It was not until May 24, 1965, that plaintiff petitioned the Commissioner of Patents for a retroactive license under Section 184, Title 35, United States Code, to authorize the filing of the Canadian supplemental disclosure of September 15, 1961. Apparently it was not until on or about May 24, 1965, that anyone discovered plaintiff's error. On May 25, 1965, plaintiff's application was denied by the Commissioner. In view of the conflicting decisions, Minnesota Mining and Manufacturing Co. v. Norton Company, D.C., 240 F.Supp. 150, and Engelhard Industries, Inc. v. Sel-Rex Corp., 145 USPQ 319, the Commissioner concluded that

"* * * Since the validity of a retroactive license granted on an issued patent appears to be so justiciable in nature, the granting of such a license is inadvisable at present. There has been no determination of inadvertence made at this time.

"The petition for a retroactive license is denied."

On May 27, 1965, the plaintiff brought an action against the Commissioner of Patents in the United States District Court for the District of Columbia seeking an order holding that the Commissioner had authority to grant a retroactive license with respect to the issued patent. On June 29, 1965, the Court determined that the Commissioner

"has the authority under Section 184 of Title 35, United States Code, upon determination by him that an appli-

cation has been inadvertently filed abroad by the plaintiff, The Pillsbury Company, less than six months after the filing in the United States of corresponding United States application Serial Number 100,011 that has issued as United States Patent No. 3,038,808, and that the application so filed abroad does not disclose an invention within the scope of section 181 of Title 35, United States Code, to grant to plaintiff a license for said application so inadvertently filed abroad retroactive to and including September 11, 1961."

The day after the Court had handed down its order, Pillsbury renewed its request for a retroactive license, but the United States Commissioner on July 7, 1965, refused to grant the license on the ground that there had been no inadvertence shown by the petitioner. On July 12, 1965, the Commissioner reversed himself and granted the plaintiff herein a license retroactive to September 11, 1961, with respect to the filing of the supplemental disclosure in the Dominion of Canada.

Plaintiff recognizes that under Section 181, Title 35, United States Code, and the rules relating to secrecy of certain inventions and the necessity for licenses when applications are filed in foreign countries, it was incumbent upon it to obtain authority from the Commissioner of Patents to file the supplemental disclosure, which was filed in Canada on September 15, 1961, but it contends that the retroactive license issued by the Commission-

tives, shall not receive a United States patent for an invention if that person, or his successors, assigns, or legal representatives shall, without procuring the license prescribed in section 184 of this title, have made, or consented to or assisted another's making, application in a foreign country for a patent or for the registration of a utility model, industrial design, or model in respect of the invention. A United States patent issued to such person, his successors, assigns, or legal representatives shall be invalid."

"Section 186. Whoever, during the period or periods of time an invention has been ordered to be kept secret and the grant of a patent thereon withheld pursu-

ant to section 181 of this title, shall, with knowledge of such order and without due authorization, willfully publish or disclose or authorize or cause to be published or disclosed the invention, or material information with respect thereto, or whoever, in violation of the provisions of section 184 of this title, shall file or cause or authorize to be filed in any foreign country an application for patent or for the registration of a utility model, industrial design, or model in respect of any invention made in the United States, shall, upon conviction, be fined not more than $10,000 or imprisoned for not more than two years, or both."

er of Patents on July 12, 1965, eliminates any defects in the patent which may have been in existence by virtue of Section 185.

The defendant urges:

1. That the Commissioner has no authority to grant a retroactive license under Section 184 after the United States patent of invention has been issued in that Section 185 specifically provides that notwithstanding any other provision of law, a patent issued in violation of Section 184 shall be invalid.

2. That if the Commissioner is vested with that authority, it merely provides plaintiff with a defense to the criminal penalties set forth in Section 186, Title 35, United States Code.

3. That if any discretion is vested in the Commissioner of Patents to issue a retroactive license after the patent has been issued, the record here is bereft of any substance for the Commissioner's finding or conclusion of inadvertence as a basis for his action.

4. That this Court should consider the evidence offered before the Commissioner as well as that offered before the Court and determine de novo whether there is any basis for the Commissioner's finding of inadvertence as the statute requires.

■ At the outset, it should be stated that the clear weight of authority is to the effect that the Commissioner of Patents has the authority under Section 184 to grant a license retroactively to a patentee where a United States patent has been issued and an application has been inadvertently filed abroad within the six months' period without the approval of the Commissioner and where the application does not disclose an invention within the scope of Section 181 of Title 35, United States Code. Blake v. Bassick Co., 146 USPQ 157 and D.C., 245 F.Supp. 635; Engelhard Industries, Inc. v. Sel-Rex Corp., supra; McCulloch Motors Corp. v. Oregon Saw Chain Corp., U.S.D.C., S.D.Calif., 245 F.Supp. 851, July 29, 1963; Davidson Rubber Co., Inc. v. Sheller Mfg. Corp., D.C., 248 F.Supp.

842, December 1, 1965; contra, Minnesota Mining and Manufacturing Co. v. Norton Company, supra. The legislative history of Sections 184 and 185 does not suggest an interpretation of these statutes contrary to the majority holding as above stated. Moreover, it may be noted that in the Minnesota Mining and Manufacturing Co. case, the court, in part, at least, rested its decision by concluding that the word "application" in Section 184 referred to the domestic application for the patent rather than the foreign application for which the license is to be granted. However, defendant urges with great assurance that a United States patent issued without procuring the license prescribed in Section 184 when a foreign patent is applied for within the six months' period after the United States filing, becomes invalid and the Commissioner is without authority to breathe life into an invalid patent. It urges that such a patent having entered the public domain cannot again become a patent monopoly by a fiat of the Commissioner of Patents. Defendant poses the question as to the length of time a patentee could procrastinate before he reclaims his patent from the public domain by obtaining a so-called retroactive license from the Patent Commissioner. There has been no showing here of procrastination.

■ Surely, no one can seriously contend that plaintiff intended to conceal its failure to obtain the necessary license for its Canadian filing. Defendant does not contend that it entered the one-step angel food cake base field because it assumed that the patent was invalid by reason of Section 185. Realistically, moreover, this patent never entered the public domain under Section 185 until it was established that the patentee had violated Section 184. In other words, the invalidity of this patent never was affirmatively established before plaintiff had procured the required license from the Commissioner which was granted retroactively to a date prior to the alleged violation of Section 184. If there is an apparent inconsistency in granting a ret-

roactive license under Section 184 when Section 185 provides that under the circumstances herein a person shall not receive a patent, and if issued, it shall be invalid, that inconsistency was no doubt recognized by the District Court of the District of Columbia when it held that regardless of the issuance of Patent No. 3,038,808, the Commissioner was authorized to issue a retroactive license if the Canadian application had been made inadvertently. The Commissioner's finding as to inadvertence was based upon the showing before him and there is no competent showing as to its inadequacy or that it was capricious or arbitrary so as to sustain a collateral attack thereon.

The argument that the granting of a retroactive license provided for in Section 184 was enacted for the purpose of relieving a violator of Section 185 from the penalties provided in Section 186 would seem to be without any substance. It is surely less than convincing to urge, as defendant does, that Congress solely intended that the Patent Commissioner, by the issuance of a retroactive license, should render one immune from the penalty provided in Section 186. In any event, if that was one of the purposes of the statute, it does not negative the intention of Congress to relieve one of an innocent mistake in failing to comply with Section 184 where it is apparent that the national security of the United States was not involved. Here, we are concerned with a cake mix. The patentees of that product, under no possible stretch of the imagination, could have had any plan, scheme or design to circumvent the statutes in question. It seems utterly baseless to characterize the failure of Pillsbury, through its then local counsel, or the firm of Langner, Parry, Card and Langner, agents, or their employee, Mr. Chrystal, employed by plaintiff's local counsel to handle certain patent matters in Canada, with wanton conduct, gross negligence and inexcusable neglect in failing to obtain the license for the Canadian patent application within the six months' period. Certainly, the license would have been granted if application had been made. Apparently Pillsbury's counsel depended upon the Langner firm and the latter on Pillsbury's counsel to alert one another as to the necessity of a foreign license under the instant circumstances. The system devised by these parties to avoid any errors in this regard may have been inadequate. Blame may attach to one or both. But it cannot be gainsaid that their failure to make the application was inadvertence. Their failure came about without any intention to violate the law. It was wholly and unquestionably unintentional. The evidence before the Commissioner and that before this Court will lead to no other rational conclusion.

The broad language as to the right of the Commissioner to grant a retroactive license under Section 184 does not disclose any intention of Congress to limit the Commissioner's authority in this regard to unissued patents. It is not made to appear that the defendant or any member of the public will be, or has been, prejudiced by the interpretation of Section 184 which this Court now adopts, or that the safety of this country has been endangered in any way by the inadvertence of the plaintiff in failing to obtain a license within the six months' period. An interpretation of the law which is needlessly harsh is not justified under the admitted circumstances.

The motion of the defendant, therefore, in view of the entire record before the Commissioner and that before the Court, with respect to the defenses which it has urged under Sections 184 and 185, Title 35, United States Code, for a dismissal of this proceeding must be, and is denied. It is so ordered. An exception is allowed.