**Anthony J. ROSS and Ross-Temp, Inc., Plaintiffs,**

v.

**McQUAY, INC. and American Ice Machine Company, Defendants.**

**No. 4–65–Civ–72.**

United States District Court
D. Minnesota,
Fourth Division.

July 26, 1966.

Carlsen, Carlsen & Sturm, Warren A. Sturm, Minneapolis, Minn., Mason, Kolehmainen, Rathburn & Wyss and Walter E. Wyss, Chicago, Ill., for plaintiffs.

Merchant & Gould, Robert T. Edell, Minneapolis, Minn., for defendants.

MEMORANDUM AND ORDER

DEVITT, Chief Judge.

Defendants move for summary judgment in this patent infringement action alleging that United States Patent No. 3,101,598, involving an ice-making machine, is invalid as a matter of law by reason of the provisions of 35 U.S.C.A. §§ 184 and 185.

These two sections are part of a statutory scheme contained in 35 U.S.C.A. §§ 181–188, designed to insure the secrecy of certain information and knowledge sought to be patented, the disclosure of which to foreign patent authorities might be detrimental to national security.

Section 184 provides.

Except when authorized by a license obtained from the Commissioner a person shall not file or cause or authorize to be filed in any foreign country prior to six months after filing in the United States an application for patent or for the registration of a utility model, industrial design, or model in respect of an invention made in this country. A license shall not be granted with respect to an invention subject to an order issued by the Commissioner pursuant to Section 181 of this Title without the concurrence of the head of the departments and the chief officers of the agencies who caused the order to be issued. *The license may be granted retroactively where an application has been inadvertently filed abroad and the application does not disclose an invention within the scope of section 181 of this title.*

Section 185 provides:

*Notwithstanding any other provisions of law* any person, and his successors, assigns, or legal representatives, shall not receive a United States patent for an invention if that person, or his

successors, assigns, or legal representatives shall, without procuring the license prescribed in Section 184 of this title, have made, or consented to or assisted another's making, application in a foreign country for a patent or for the registration of a utility model, industrial design, or model in respect of the invention. *A United States patent issued to such person, his successors, assigns, or legal representatives shall be invalid.* (Emphasis added.)

The plaintiffs in this action made such a proscribed application in Japan. After commencing this infringement action plaintiffs applied for and received from the Commissioner of Patents a retroactive license covering the Japanese filing on the basis of claimed inadvertence as the cause of the improper filing. Defendants do not assert that the ice-making machine, subject matter of the patent in suit, is the type of invention which under Section 181 would be considered important to national security, nor that the Commissioner is without authority to issue the retroactive license in these circumstances. But defendants do assert that the license merely protects the plaintiffs from possible criminal sanctions but does not, and cannot, validate a patent which when issued was invalid under the terminology of Section 185.

A recent decision in this District dealt with the exact issue here involved. Pillsbury Co. v. General Mills, Inc., 252 F. Supp. 747 (D.Minn., Feb. 10, 1956). In that case Judge Nordbye held that where the patentee's failure to obtain the Patent Commissioner's approval prior to filing an application for a foreign patent within 6 months after filing in the United States was inadvertent, the Commissioner had the authority to grant a retroactive license and the patent was not invalid because of the unauthorized foreign filing.

First off, it appears to me that, in view of this well-reasoned decision by my judicial confrere, we should be governed by the well-established principle that there should be consistency in the decisions of the various judges in a multiple-judge district unless there is some cogent reason for variance. We have been faithful to this principle. Sears Roebuck & Co. v. Stockwell, D.C., 143 F.Supp. 928.

In my view the holding in the *Pillsbury* case is correct and is expressive of the clear weight of authority. See Davidson Rubber Co., Inc. v. Sheller Mfg. Corp., 248 F.Supp. 842 (S.D.Ia. 1965); Blake v. Bassick Co., 245 F.Supp. 635 (N.Ill.1965); Engelhard Industries, Inc. v. Sel-Rex Corp., 145 U.S.H.Q. 319 (D.N.J.1965); see McCulloch Motors Corp. v. Oregon Saw Chain Corp., 245 F. Supp. 851 (S.D.Calif.1965).

The *Blake* case, supra, states the majority position most logically and simply. It is that Section 184 gives the Commissioner the right to grant retroactive licenses when based on inadvertence and sought with diligence. Section 185 refers to the invalidity of certain patents without a license as prescribed in Section 184. One of the licenses prescribed in Section 184 is the retroactive license. Therefore, a patent accompanied by a retroactive license as prescribed in Section 184 is not invalid under Section 185.

This plain reading of the statute makes good sense.

The court has been attentive to the various arguments of the defendants dealing with their view of the wording of the statute and its legislative history. We have particularly examined defendants' view of the Boykin Act of the 79th Congress and the failure of the Congress to include a similar provision in the current statutes. But I find none of these arguments persuasive. A reading of the statutes supports the correctness and reasonableness of the view expressed in *Pillsbury* and in the several other cases, supra, expressive of the majority view.

The motion for summary judgment is denied.